# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ROCK HILL DIVISION

| | | |
|---|---|---|
| Doris Marie Goodpasture, | ) | Civil Action No. 0:16-cv-01613-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Commissioner of Social Security ("Defendant"), has moved the court, pursuant to sentence six of 42 U.S.C. § 405(g),[1] to remand this case to her for further administrative proceedings on the ground that Plaintiff Doris Marie Goodpasture ("Plaintiff") was erroneously denied a hearing before an Administrative Law Judge and will be accorded such a hearing on remand. (ECF No. 10).  Defendant further represents that Plaintiff "concurs with" this motion.[2] (*Id.* at 2.)

Plaintiff filed a response to the motion, agreeing that the case should be remanded. (ECF No. 12 at 1.) However, Plaintiff notes that she incurred costs perfecting the filing of the matter before this court before Defendant admitted to her error in the proceedings below. (*Id.*) Plaintiff

---

[1] "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." 42 U.S.C. § 405(g).

[2] Because neither Plaintiff nor Plaintiff's counsel signed the motion to remand, the Magistrate Judge to whom this case has been referred lacks authority to grant the motion. *See In re Consensual Dismissal of Actions Before a Magistrate Judge*, No. M90-3-FBH (Nov. 13, 1990) (Hawkins, C.J.), *available at* https://www.scd.uscourts.gov/StandingOrders/index.asp.

states that she consents to a remand "with the caveat" that the court "hold in abeyance the issue of attorney's fees for this remand until after the Appeals Council makes a ruling on the Plaintiff's benefits." (*Id.* (citing *McGuire v. Sullivan*, 873 F.2d 974, 975 (7th Cir. 1989); *Straw v. Bowen*, 866 F.2d 1167, 1168-69 (9th Cir. 1989).).

Pursuant to 42 U.S.C. § 406(b), the Fourth Circuit permits attorney's fees to be awarded when an attorney's services in federal court result in a remand under the sixth sentence of § 405(g), so long as, after remand, the plaintiff receives an award of benefits. *See McPeak v. Barnhart*, 388 F. Supp. 2d 742, 744-46 & n.2 (S.D.W. Va. 2005) (citing *Morris v. Soc. Sec. Admin.*, 689 F.2d 495 (4th Cir. 1982); *Conner v. Gardner*, 381 F.2d 497 (4th Cir. 1967)). Here, Plaintiff has not yet received an award of benefits, and has not filed a petition for attorney's fees as such a petition would be premature. In any event, a request for abeyance is unnecessary because, although the case is placed on the court's inactive docket, the court retains jurisdiction over the case when it is remanded pursuant to sentence six of § 405(g). *See Deem v. Colvin*, No. 2:15-cv-12146, 2015 WL 7779438, at *1 (S.D.W. Va. Dec. 2, 2015); *McPeak*, 388 F. Supp. 2d at 745 n.2.

Accordingly, Defendant's Motion to Remand (ECF No. 10) is **GRANTED**, and Plaintiff's case is **REMANDED** to the Commissioner pursuant to the sixth sentence of § 405(g) for further proceedings as outlined in the unopposed motion.

**IT IS SO ORDERED**.

J. Michelle Childs

United States District Court Judge

Columbia, South Carolina
October 27, 2016

2